**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

MICHAEL D. MORRIS, *et al.*,       )      CASE NO:   1:08-cv-01436
                                )
                                )
            Plaintiffs,      )      MAGISTRATE JUDGE
                                )      NANCY A. VECCHIARELLI
        v.                  )
                                )
MARK EUGENE GAVAN, *et al.*,    )      **MEMORANDUM AND ORDER**
                                )
           Defendants.

This case is before the magistrate judge by consent of the parties.  Before the court is the motion of plaintiffs, Michael D. Morris ("Morris") and Marcella M. Johnson ("Johnson") for Summary Judgment on the Issue of Liability (Doc. # 24) and Plaintiffs' Motion to Strike Defendants' Supplemental Evidence. (Doc. # 30)  For the reasons given below, plaintiffs' Motion for Summary Judgment on the Issue of Liability is (1) GRANTED as to defendant Mark Eugene Gavan and (2) DENIED as to defendant M.G. Resources, Inc.  Plaintiffs' Motion to Strike Defendants' Supplemental Evidence is GRANTED.

I.  Background

Defendant Mark Eugene Gavan ("Gavan")  is the sole owner of defendant  M.G. Resources, Inc. ("M.G. Resources")  (Deposition of Mark Eugene Gavan ("Gavan depo.") pp 23-24). Gavan had a two to three month consulting job in Florida that was scheduled to begin around June 23, 2006.  (Gavan depo p.58).  Gavan decided to

purchase a trailer in which to stay during his consulting job in Florida. (Gavan depo. p.

58).  Gavan purchased both the trailer, and the vehicle to pull the trailer, in Ohio.

(Gavan depo. pp 55-57).  On June 14, 2006, Gavan traveled from his home near St.

Louis, Missouri to Cleveland, Ohio.  (Gavan depo. p. 54).  He closed on the sale of the

trailer and truck on June 15, 2006 and spent the night in the trailer.  On June 16, 2006,

Gavan began his trip to Florida.  (Gavan depo. pp. 61-62).

      Gavan was traveling southbound on SR 250 in Ashland County, Ohio when he

began to lose control of his trailer.  (Gavan depo. pp. 92, 74).   Gavan claims that a

vehicle passing him in the opposite direction created some type of vortex or wind shear

that caused his trailer to start to sway back and forth.  (Gavan depo. p. 91).  Gavan first

felt the movement in the truck.  The back end of the truck moved back and forth a little,

and he could feel the trailer tugging at the pickup truck.  (Gavan depo. p. 93).  Gavan

did not change his speed, adjust the knob on his brakes, apply the brakes, or remove

his foot from the accelerator.  (Gavan depo. p. 94).  The swaying worsened; Gavan's

trailer began to wobble, and the right to left movement kept getting bigger and bigger.

(Gavan depo. pp .94-96).

      At the same time, plaintiff Michael D. Morris ("Morris") and his passenger, plaintiff

Marcella M. Johnson, were traveling northbound on SR 250.  (Affidavit of Michael Morris

("Morris aff.") ¶ 3 Complaint Doc. #1).[1]  Morris had completed passing another

northbound vehicle when he saw that Gavan was unable to control his trailer. (Morris

aff. ¶¶ 5-7).  In response, Morris slowed his vehicle and pulled it onto the berm of the

_____

      [1] Plaintiffs filed an amended complaint on April 7, 2009.  (Doc.# 19).

-2-

northbound lane, where he proceeded to stop.  At the same time, Gavan, who could see

plaintiff passing the northbound vehicle in the distance, could not gain control of vehicle.

He therefore decided to pull his truck onto the southbound berm and into a ditch on the

right hand of the road.  As he did so the trailer jack-knifed left of center, flipped on its

side, and struck Morris' vehicle, which had almost come to a complete stop in the

northbound berm. (Morris Aff. ¶ 10, Gavan depo.  pp.  97-98, 131-133).  Gavan's trailer

crushed Morris' vehicle and the vehicle behind Morris.  (Morris aff. ¶ 11, Gavan depo.

p. 103).

On June 13, 2008, Plaintiffs filed the instant case to recover for damages

suffered as a result of the June 16, 2006 accident. (Doc. #1).  On May 14, 2009,

plaintiffs filed a Motion for Summary Judgment on the Issue of Liability Only.  (Doc. #

24)  Plaintiffs argue that Gavan's failure to control his vehicle, and his failure to maintain

his vehicle wholly within his own lane constitute negligence *per se*, and that this

negligence is the sole proximate cause of the accident. Plaintiffs also argue that Gavan

was in the course and scope of his employment with M.G. Resources at the time of the

accident and that therefore, M.G. Resources is vicariously liable.

Gavan counters that there is a genuine issue of material fact as to whether

Morris was speeding when he passed the northbound vehicle, thereby contributing to

the cause of the accident.  It is Gavan's contention that if he could have accelerated, he

could have stopped the trailer from swaying, but he was prevented from doing so by

Morris' presence in the southbound lane.  Gavan also argues that he was not acting in

the course and scope of his employment at the time of the accident. (Doc. # 27).

In reply, plaintiffs argue that there is no genuine issue of fact as to whether

-3-

Morris was speeding, and even if he were, it is immaterial as a matter of law.  (Doc. # 28)

## II.  Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56. The moving party can meet this burden in two ways: by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing the non-moving party, after adequate time for discovery, has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial.  *See Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995).  The nonmoving party may oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves. . . ," *id.*, or by any other evidentiary material admissible at trial.  *Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993); *see also* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, 10A, § 2721 (1998).  Conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes.  *Lujan v. National Wildlife Fed'n*, 497 U.S. 871 888-89 (1990).

The trial court has no "duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476

(6th Cir. 1989).  That is, the nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely.  *Al-Qudhai'een v. America West Airlines, Inc.*, 267 F. Supp.2d 841, 845 (S.D. Ohio 2003) (citing *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)).  The lack of such a response by the nonmoving party may result in an automatic grant of summary judgment.  *Reeves v. Fox Television Network*, 983 F.Supp. 703, 709 (N.D. Ohio 1997).

When evaluating a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to . . . the party opposing the motion . . . ."  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *see also Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 473 (1962).  In addition, the Court "does not weigh the evidence or make credibility determinations."  *Id.*  However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986).  In other words, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251.

### III. Plaintiffs' Negligence Claim

The *prima facie* elements of a negligence claim under Ohio law are: (1) the defendant owed a duty the plaintiff; (2) the defendant breached that duty; and (3) the breach of that duty proximately caused the plaintiff's injury.  *Chambers v. St. Mary's School*, 82 Ohio St. 3d 563, 697 N. E. 2d 198 (1998).   When the defendant violates a specific safety statute, he is negligent *per se*, absent a showing of some legal excuse

for his failure to comply with the statute.  *Zehe v. Falkner*, 26 Ohio St. 2d 258, 261-262, 271 N. E. 2d 276 (1971).

In the instant case, Morris alleges that Gavan violated R.C.  § 4511.202 and R.C.§ 4511.25 and was thereby negligent *per se.*[2]  Morris is partially correct.  R.C. § 4511.202, the reasonable care statute, is a general duty statute.  Therefore, its violation does not constitute negligence *per se.  See Campbell v. Hall*, 1989 WL 29856 (Ohio App. 6 Dist.) (R.C. § 4511.202 is a general duty statute, as such, negligence *per se* is inapplicable.) *See also, Masterson v. Kerzan* 1995 WL 136449 (Ohio App 6 Dist.).  However, R. C. § 4511.25, the left of center statute, is a specific duty statute. Therefore, its violation does constitute negligence *per se.  See Zehe v. Falker* 26 Ohio St. 2d 258, 261-262, 271 N.E. 2d 276 (1971) and cases cited therein.

There is no dispute that Gavan failed to maintain his vehicle on the right half of the roadway and therefore violated R. C. § 4511.25.  Accordingly, absent evidence of some legal excuse for his failure to comply with the statute, Gavan's actions are negligent *per se.*

Gavan argues that he is not liable for the accident because he could have accelerated through the swaying and gained control over the swaying trailer if Morris had not been passing in the southbound lane. However, if Gavan had not lost control over his trailer in the first instance, he would not have needed to accelerate.  It is well settled that self-created emergency, such as one that arises from the driver's own

---

[2]R.C. §4511.202 provides in part: (A) No person shall operate a motor vehicle...without being in reasonable control of the vehicle. R.C .§ 4511.25 provides in part: (A) Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway.

conduct or from circumstances under his control, cannot serve as an excuse for violating a safety statute. *Zehe v. Falker*, 26 Ohio St. 2d 258, 261-262, 271 N.E. 2d 276 (1971) citing *Spalding v. Waxler*, 2 Ohio St. 29, 205 N.E. 2d 890 (1965).  *See also*, *Oechele v. Hart*, 12 Ohio St. 2d 29, 231 N.E. 2d 306 (1967); *Peters v. B.& F. Transfer Co.*, 7 Ohio St. 2d 143, 219 N,E. 2d 27 (1966).

Moreover, Gavan's argument that, "There is an issue of fact regarding whether the Plaintiff was proceeding lawfully and the extent to which his speeding while passing caused or contributed to the accident." (Defendant's Brief in Opposition p. 4)[3] is without merit.

First, there is insufficient evidence that Morris was speeding or otherwise proceeding in an unlawful or unsafe manner when he passed the northbound vehicles. The affidavit of April Gaines, attached to Defendant's Brief in Opposition, is insufficient to establish that Morris was speeding.  Among other things, Gaines fails to identify the truck as Morris' truck; fails to state that she saw the truck pass any vehicles prior to the accident; fails to state how fast the truck was traveling; fails to establish the posted speed limit; and fails to state that the truck exceeded the posted speed limit or otherwise violated any standard of care. [4]

---

[3]Gavan did not plead, and therefore waived,  the affirmative defense of contributory negligence. However, the Court will consider his argument for the purposes of this Motion.

[4]Perhaps recognizing the deficiencies in Gaines' affidavit, Defendants filed a Notice of Supplemental Evidence in Opposition to Summary Judgment attaching the affidavit of Kathlene E. Miller. (Doc. # 29 ) Plaintiffs filed a Motion to Strike Defendants' Supplemental Evidence (Doc.# 30) correctly arguing that the Notice is out of rule. Defendants did not seek leave to file a Surreply as required by the Court's Trial Order, nor did they explain why this evidence was not filed with their Opposition Brief. Thus, Plaintiffs' Motion to Strike

Second, Gavan admits that if he had not lost control over his vehicle, Morris'
passing of the northbound vehicles would not have created a problem for Gavan.

> Q.  Had the swaying not occurred and you not felt the need to
> accelerate, if it was just driving down the road as you had been
> before the swaying occurred, you don't have any reason to believe
> that the pass could not have been done successfully; is that a fair
> statement?
>
> A. That's a fair statement.

(Gavan Depo. pp. 102-103).  Thus, Gavan admits that Morrris was proceeding safely at
the time of the accident.

Moreover, assuming *arguendo* that Morris had been speeding when he passed
the northbound vehicles, there is no evidence that his speeding caused or contributed
in any way to the accident.  The uncontradicted evidence is that Morris had completed
passing the northbound cars and had actually pulled his car into the northbound berm
prior to being struck by Gavan's trailer. (Morris Aff.  ¶¶ 5-10). Gavan attempts to
discredit this evidence and create an issue of fact by citing Gavan's testimony that
"maybe [Morris] did hit the truck" (Defendants' Brief in Opposition p. 5; Gavan depo p.
123).   However, Gavan's testimony establishes that this is, at best, speculation.

> Q. You don't have any reason to believe he was in your lane, do
> you, the southbound lane?
>
> A. At the time of impact?
>
> Q. Yes

.

---

Defendants' Supplemental Evidence is GRANTED. Notwithstanding the foregoing, the
Court has reviewed Miller's affidavit and notes that it is also insufficient to establish that
Morris was speeding.  Miller never identifies the truck that passed her as Morris' truck, nor
does she establish that Morris exceeded the posted speed limit.

A. I don't know.

Q. Do you have any reason to believe that he would have been in your southbound lane at the time of the impact?

A. I have no reason to believe where he might have been. I was up in the air looking in all directions.

Q. Well, you knew he finished his pass, right?  That's what you told the police at the scene of the accident, right, that he had finished his pass?

A. I believe -- if that's what I stated, then that's correct.

Q. After he had finished his pass was when you swerved to the right and hit the guardrail, right?

A. After he finished his pass -- I believe so.

                              ***
Q. Okay.

A. And I might have veered towards the guardrail at the same time as he was approximately finishing his pass, but he did not hit my pickup truck head on, so he was out of my lane at least at the time of impact, otherwise, he would have hit my pickup truck. Maybe he did hit the pickup truck because the rear quarter panel was damaged. I don't know.

(Gavan depo. pp. 121-123).  By Gavan's own admission, he does not know, or have any reason to believe, that Morris hit his truck.

Likewise, Gavan's claim that he could not accelerate to stop the sway, as well as his claim that he could have gained control of his trailer had he been able to accelerate, are also speculative. Gavan admits that there is no scientific evidence to support his claim that he did not have sufficient room to accelerate through the sway, nor is there scientific evidence to support his claim that he could have gained control of the vehicle if he had been able to accelerate.  Indeed, Gavan believed that pulling his trailer off to the

right would avoid the accident but it did not.  (Gavan Depo.pp.132-133).  Conclusory and unsupported allegations, rooted in speculation are not sufficient to create an issue of fact precluding summary judgment.  *See* *Bryant v. Com. Of Kentucky*, 490 F. 2d 1273, 1274-1275.

Consistent with the foregoing, the evidence establishes that Gavan was negligent *per se* because he violated R.C. § 4511.25 without legal excuse.  The evidence also establishes that Gavan's negligence was the direct and proximate cause of the accident.

"In cases involving auto accidents proximate cause generally means the nearest cause or negligent act which in the natural and continuous sequence produces an injury which would not have occurred but for the negligent act."  *Brasher v Toledo Mental Health Center*, 61 Ohio Misc. 2d 767, 771, 584 N.E. 2d 1374 (Ct. Claims 1990) citing *Szabo v. Tabor Ice Cream Co.* 37 Ohio App. 42 , 174 N.E.2d 18 (1930) and *Conor v. Flick*, 64 Ohio App 259, 28 N.E. 2d 657 (6th Dist. 1940).  The fact that some other act unites with such original act to cause the injury does not relieve the initial offender from liability.  *Moeller v. Redmon*, 22 Ohio App. 2d 72, 258 N.E. 2d 252 (1st Dist. 1969).

In this case the nearest and, in fact, only negligent act causing the injury was Gavan's losing control of his trailer.  It is undisputed that when Gavan could not gain control of his vehicle he pulled it onto the berm which caused the trailer to jack-knife and hit Morris' vehicle.  Had Gavan not lost control of his vehicle, he would not have had to pull off the road, would not have jack-knifed, and would not have hit Morris. There is no evidence that Morris' actions caused or contributed to Gavan losing control of his trailer or to the subsequent accident.  Therefore, Gavan is liable for the accident.

-10-

IV.  Plaintiffs' Vicarious Liability Claim

Morris claims that Gavan was acting in the course and scope of his employment with M.G. Resources at the time of the accident and, therefore, M.G. Resources is vicariously liable for the accident pursuant to the doctrine of *respondeat superior.*  For an employer to be liable for the torts of an employee under the doctrine of *respondeat superior*, the tort must be committed in the scope of employment.  *Groob v. KeyBank* 108 Ohio St. 3d 348, 843 N.E. 2d 1170 (2006).  To determine whether an employee is acting in the scope of his employment when traveling to a job, Ohio courts have adopted the "coming and going" rule.  The coming and going rule was originally applied in the context of a workers' compensation case to determine whether an injury incurred by an employee in a traffic  accident occurred in the course of employment.  *Patidar v. Tri-State Renovations, Inc.* 2006 WL 2575726 (Ohio App. 10 Dist.) citing *Ruckman v. Cubby Drilling, Inc.* 81 Ohio St. 3d 117, 689 N.E. 2d 917 (1998).  However, the rule has been applied by many courts in Ohio to determine whether an employee was acting within the scope of his employment for the purposes of *respondeat superior*. *Patidar,* 2006 WL 2575726 at *3.

Pursuant to the coming and going rule, an employee with a fixed place of employment is not acting within the scope of his employment when traveling to or from his employment.  In determining whether an employee is a fixed-situs employee, the focus is whether the employee begins his substantial employment duties only after arriving at a specific identifiable workplace designated by his employer.  An employee may be a fixed-situs employee even though his job site may change on a monthly, weekly, or daily basis. *Patidar,* 2006 WL 2575726 at *3.  Notwithstanding the foregoing,

-11-

a fixed-situs employee may be acting within the scope of his employment when traveling

to or from work if the employee, "engages in activity that is consistent with the contract

for hire and logically related to the employer's business ...such as when the employee

travels to the premises of one of the employer's customers to satisfy a business

obligation. *Patidar,* 2006 WL 2575726 at * 4 (citations omitted).

The issue of whether an employee is acting in the scope of his employment is

usually a question of fact to be determined by the jury.  "However, when there are

undisputed facts, and reasonable minds can come to but one conclusion, the issue

regarding scope of employment becomes a question of law. " *Benner v. Dooley* 2000 WL

1072462 * 1 (Ohio App. 9 Dist.) citing *Osborne v. Lyles,* 63 Ohio St. 3d 326, 330, 587

N.E. 2d 825 (1992).  In the instant case, there remain a number a disputed facts

including: whether the truck and trailer were purchased and/or transported to benefit

Gavan or M.G. Resources; who paid for the truck and trailer; who paid for the trip to

Ohio[5]; and whether Gavan was proceeding directly to his job in Florida at the time of the

accident. Accordingly, plaintiffs have failed to establish that Gavan was acting within the

scope of his employment and not merely commuting to a fixed situs in Florida when the

accident occurred. Therefore, plaintiffs are not entitled to summary judgment against

defendant M.G. Resources, Inc.

V.  Conclusion

---

[5] Plaintiffs allege that the company paid Gavan's travel expenses when he flew to Cleveland to purchase the trailer.  In support, plaintiffs cite Gavan's deposition at  p. 107 wherein Gavan states that he put his rental car and hotel on his business Visa. (Plaintiff's Memorandum in Support of Motion, p. 9). However, at p. 108 of his deposition, Gavan states that this was not a company expense because he was not yet working.

For the foregoing reasons, plaintiffs' Motion for Summary Judgment on the Issue of Liability (Doc.# 24) is (1) GRANTED as to defendant Mark Eugene Gavan and (2) DENIED as to defendant M.G. Resources, Inc.  Plaintiffs' Motion to Strike Defendants' Supplemental Evidence (Doc. # 30) is GRANTED.

IT IS SO ORDERED.


Date: July 1, 2009                    /s/ Nancy A. Vecchiarelli
                                      United States Magistrate Judge

-13-