**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL D. MORRIS, *et al.*, | ) | CASE NO:  1:08-cv-01436 |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| v. | ) | |
| | ) | |
| MARK EUGENE GAVAN, *et al.*, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | | |

This case is before the Magistrate Judge by consent of the parties.  Before the Court is a Motion to Intervene as a New Party Defendant ("Motion to Intervene") filed by Erie Insurance Company ("Erie") (Doc. # 32).  For the reasons given below, Erie's Motion to Intervene is **GRANTED in part, that is, for the limited purpose of litigating the issue of damages**.  Erie shall file a new Answer on or before September 2, 2009 that challenges only the issue of damages.  It may not relitigate the liability issues already adjudicated by this Court.

I. Background

On June 13, 2008, plaintiffs, Michael D. Morris ("Morris") and Marcella M. Johnson ("Johnson"), filed the instant case to recover for damages suffered as the result of a motor vehicle accident between plaintiffs and defendant Mark Eugene Gavan ("Gavan").[1]  (Doc. #1).  On May 14, 2009, plaintiffs filed a Motion for Summary Judgment

---

[1]Johnson was a passenger in the vehicle driven by Morris at the time of the accident.  Plaintiffs allege that Gavan was acting in the scope of his employment with

on the Issue of Liability ("Motion for Summary Judgment").  (Doc. # 24).  On July 1, 2009, the Court granted plaintiffs Motion for Summary Judgment against defendant Gavan and denied plaintiffs Motion for Summary Judgment against defendant M.G. Resources, Inc.  (Doc. # 31).

On August 10, 2009, Erie filed its Motion to Intervene.  Erie asserts that Five Star Power and Cleaning Company ("Five Star") owned the vehicle operated by Morris at the time of the accident, and that Erie insured the vehicle under an insurance policy between Five Star and Erie.  Erie alleges that Morris submitted a claim for under-insured motorist coverage against Erie.  Erie further alleges that on June 16, 2009, Morris filed a complaint against Erie in the Stark County, Ohio Common Pleas Court alleging that Erie is obligated to pay under-insured motorist coverage to Morris for injuries sustained by him as the result of the June 16, 2006 accident.  Erie now seeks to intervene as a defendant in the instant case.  Erie argues that it is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a), or alternatively, that it should be permitted to intervene permissively pursuant to Fed. R. Civ. P. 24(b).

## II.  Intervention of Right

Erie argues that it is permitted to intervene in this action as a matter of right because plaintiff Morris will argue in the Stark County action that Erie is bound by the Court's judgment in this matter[2], and Erie has not provided written consent to be bound

---

defendant M.G. Resources, Inc. at  the time of the accident.

[2]Inexplicably, Morris has not responded to Erie's Motion to Intervene.  It has, therefore, waived any right to challenge Erie's intervention and to request any additional discovery or delay in trial based upon Erie's intervention.

as required by Erie's under-insured motorist policy.

>Fed. R. Civ. P. 24(a) provides:

>>(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

>>>(1) is given an unconditional right to intervene by a federal statute; or

>>>(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest.

The Sixth Circuit has established a four-prong test that must be satisfied in order to be entitled to intervene as of right:

>1. the application for intervention must be timely;

>2. the applicant must have a substantial interest in the action;

>3. the applicant's ability to protect that interest may be impaired in the absence of intervention; and

>4. the existing parties do not adequately represent the applicant's interests.

*Johnson v. City of Memphis*, 73 Fed.Appx. 123, 2003 WL 21801451 (C.A. 6) *citing United States v. Tennessee*, 260 F. 3d 587, 591 (6th Cir. 2001). The applicant has the burden of establishing that he has satisfied the four-prong test, and the failure to satisfy any one prong prevents the applicant from intervening. *Linton v. Comm'n of Health & Env't*, 973 F.2d 1311, 1317 (6th Cir. 1992). As discussed below, Erie has failed to establish that its Motion to Intervene is timely; and, therefore, the Court need not

-3-

address the remaining prongs.[3]

In determining whether a motion to intervene is timely, all relevant circumstances should be considered. In particular, the following factors should be considered:

> 1. the point to which the suit has progressed;
>
> 2. the purpose for which intervention is sought;
>
> 3. the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;
>
> 4. the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and
>
> 5. the existence of unusual circumstances militating against or in favor of intervention.

*Johnson v. City of Memphis*, 73 Fed.Appx. 123, 2003 WL 21801451 (C.A. 6) *citing* *Jansen v. City of Cincinnati*, 904 F. 2d 336, 340 (6th Cir. 1990). Additionally, the Sixth Circuit has recognized that timeliness is not measured merely by the time between the filing of the complaint and the motion to intervene, but rather by what has occurred in the litigation before the filing of the motion to intervene. *Stupak-Thrall v. Glickman*, 226

---

[3]Although the Court declines to fully address the remaining prongs, it notes that Erie has not specifically addressed whether its interests were adequately represented by the existing defendants. Erie alleges only that, " [Its] interests are not adequately represented by the existing parties. It is believed that Defendant Gavan is insured under a policy of insurance with limits of $100,000 per person. The underinsured motorist coverage limits under the Erie policy are $500,000. Although the interests of Erie Insurance Company and Defendant ...Gavan are similar in that both will be defending against an award of damages, the possible damage exposure alone supports that Erie's interest is not adequately represented." (Motion to Intervene p.6). In this Court's view, Erie's argument addresses only the damage issue, and not the liability issue. Further, there is no reason to conclude that the defendants have not adequately represented Erie's interest with respect to the liability issue.

F. 3d 467, 472, 475 (6th Cir. 2000).  This Court will analyze the timeliness and scope of the Motion to Intervene under the Sixth Circuit's standards.

Extensive progress has been made in this litigation from the time the plaintiffs filed the Complaint in this case to the time Erie filed its Motion to Intervene.  Fact and expert discovery has been completed.  The dispositive motion deadline has passed; and partial summary judgment has been entered.  The trial is set for September 21, 2009. Most significantly, the Court has entered judgment against defendant Gavan on the issue of liability.  All that remains to be litigated is the liability of defendant M.G. Resources, Inc. and damages.

Erie's purpose in intervening is unclear.  Curiously, Erie never mentions the Court's ruling on liability.  Although Erie's proposed Answer does raise the issue of negligence, and the issue of Morris' contributory negligence, Erie never addresses whether it seeks to revisit the liability issue or whether it seeks to intervene only with respect to the issue of damages.

Equally unclear is the length of time preceding Erie's Motion to Intervene when Erie knew or should have known of its interest in this case.  Erie alleges that Morris filed his action against it on June 16, 2009.  Erie states that after being served with the complaint and evaluating the status of this litigation, it immediately filed its Motion to Intervene.  In fact, Erie waited almost two months before filing its motion.  Indeed, had Erie acted immediately it could have filed its motion prior to the Court's ruling on the Motion for Summary Judgment.  Had Erie checked the docket in this case, it would have seen that a Motion for Summary Judgment was pending, and known that time was of the essence.

Furthermore, while Erie states that Morris' complaint against it was filed on June 16, 2009, Erie never states when it first became aware, or reasonably anticipated that Morris would assert a claim against it.  Erie states that, "Pursuant to [the] policy of insurance, Plaintiff Morris has submitted a claim for underinsured motorist coverage." (Motion to Intervene p. 2).  However, Erie does not state when Morris submitted the claim or when Erie knew or reasonably should have known about the claim.  Similarly, Erie states, "Erie has been placed on notice of this litigation by ...Morris against the tortfeasor" (Motion to Intervene p. 3), but Erie does not say when it was placed on notice, or when it reasonably should have known about the litigation.  The unsworn representations and broad allegations in Erie's Motion to Intervene bearing on the issue of timeliness are insufficient to establish that Erie timely filed its Motion to Intervene.

Erie submits that it can obtain necessary discovery from existing counsel and, therefore, does not anticipate the need to move for a continuance of the trial.   However, Erie raises new defenses and challenges to the issue of liability in its proposed answer. Any challenge to the Court's ruling regarding liability would necessarily cause undue delay as it would require the filing and briefing of additional motions. To delay the scheduled trial in this case and require the original parties to relitigate the issue of liability would prejudice the original parties and unduly burden the Court.  Additionally, there are no unusual circumstance that would mitigate in favor of intervention for this purpose.  To the extent Erie seeks to intervene for the purpose of revisiting the issue of liability, it may not do so.

Based upon Erie's representations that it will not seek additional discovery or a continuance of the trial, it may intervene for the limited purpose of litigating the issue of

damages. Because Erie's potential damages in this case may exceed that of the original defendants, Erie has an interest in this matter that may not be adequately protected or represented by defendants.[4]

IV. Conclusion

For the foregoing reasons, Erie Insurance Company's Motion to Intervene as New Party Defendant (Doc. # 32) is GRANTED in part, that is, for the limited purpose of litigating the issue of damages. Erie shall file an Answer on or before September 2, 2009 that challenges only the issue of damages. Erie may not relitigate the issues already adjudicated by this Court. The Court will not grant any motion to reopen discovery or continue the trial based upon Erie's intervention. Further, Erie is expected to fully and timely comply with this Court's trial order.

IT IS SO ORDERED.

Date: August 27, 2009    /s/ *Nancy A. Vecchiarelli*
                         Nancy A. Vecchiarelli
                         United States Magistrate Judge

---

[4] Erie has moved for permissive intervention pursuant to Fed. R. Civ. P. 24(b) in addition to intervention of right pursuant to Fed. R. Civ. P. 24(a). The Court would not allow any further intervention under Fed. R. Civ. P. 24(b) than it has already allowed under Fed. R. Civ. P. 24(a).

-7-